**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RUIE MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0861 |
| | § | |
| AMBASSADOR HEALTH CARE, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Plaintiff Ruie Morris sued several defendants, alleging employment discrimination under federal law and assault under Texas law. One of the defendants, Martus Healthcare Management, Inc., moved to dismiss or transfer. (Docket Entry No. 6). In an amended complaint, Morris dropped Martus Healthcare Management as a defendant and named only Ambassador Health Care, Inc. The motion to dismiss or transfer is moot.

Morris had originally sued Heritage Sam Houston Gardens as a defendant. Heritage moved to dismiss on the ground that it was not an actual entity but merely an assumed name used by Ambassador Health Care, and therefore not an "employer" subject to suit under Title VII, 42 U.S.C. § 2000e *et seq*. Because Morris dropped Heritage Sam Houston Gardens as a defendant, its motion to dismiss is also moot.

The sole remaining defendant, Ambassador Health Care, also moved to dismiss or to require Morris to replead. (Docket Entry No. 5). Ambassador asserted that it should be sued only its capacity as receiver for Heritage Geriatric Housing Development VII, Inc., and not

in its corporate capacity. "When ruling on a 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In the amended complaint, Morris sues Ambassador in both its corporate capacity and its capacity as receiver. Ambassador Health Care admitted in its answer that it hired Morris and that it was Morris's employer. Ambassador does not explain why it is proper for this court, on the basis of the pleadings alone, to require Morris to sue Ambassador only as a receiver and not as a corporation.

The motion to dismiss is denied. If appropriate, the issue of capacity may be raised by summary judgment.

SIGNED on August 18, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge